THE STATE OF MONTANA ex rel. JEAN M. CUMMING, PETITIONER, v. THE DISTRICT COURT of the ELEVENTH JUDICIAL DISTRICT of the State of Montana, IN AND FOR the COUNTY OF FLATHEAD, AND MERLYN TABORSKY, AS COUNTY CLERK AND RECORDER OF FLATHEAD COUNTY, MONTANA, DEFENDANTS.

No. 12885.
Decided Oct. 17, 1974.
Rehearing Denied Oct. 21, 1974.
527 P.2d 239.

James A. Cumming, Columbia Falls, for petitioner.

James Oleson, County Atty., Kalispell and John F. North, Deputy County Atty., for defendants.

## ORDER

Relator seeks a writ of supervisory control directed to the district court of the eleventh judicial district, the Hon. Robert

C. Sykes, presiding. The writ sought is to compel the correction of election procedures concerning candidates for Local Government Study Commission in Flathead County.

Relator is a candidate for the Study Commission in District No. One. She filed her petition prior to August 1, 1974, as required by M.R.C. 16-5107. District No. One includes Whitefish and Columbia Falls. Prior to August 1, only one other candidate for District No. One, that candidate being a resident of Columbia Falls, as is relator, filed.

One Arnold Jacobsen, a resident of Whitefish, prior to August 1 filed as a candidate as an "at large" candidate. On or about August 8, 1974, eight days after the last day for filing, Jacobsen was allowed to change his nomination from "at large" to "District # 1", resulting in 3 candidates for one District # 1 position.

Immediately, relator protested the change. Not until September 24 was her protest denied by the county attorney. On September 25, relator petitioned the district court for a writ of mandate to compel the printing of ballots with the name of Jacobsen to be shown as an "at large" candidate rather than a "District #1" candidate. Not until October 11 was the petition heard; and on that day Judge Sykes held a hearing and made a transcript. The judge denied relief.

Mr. Jacobsen was not served or present. His absence from the state prevented service on him.

The county attorney's office was present and represented the clerk and recorder of Flathead County. The county attorney moved to quash, and among other reasons, gave one that the mandamus procedure was not proper but rather that the proper procedure was under section 23-3316, R.C.M. 1947, a procedure for contesting nominations. That section contemplates notice to the person whose nomination is being contested.

We are told, as was the district judge, that Jacobsen has been out of the state and could not be served. It seems fair from reading the exhibits and transcript that the judge was con-

cerned about the absence of Jacobsen, but tried to settle the situation—not along the lines of technical rules of procedure as it concerns legal remedies but rather on the merits. We consider this application for supervisory control in the same light and consider the district court proceedings as a contest of nomination.

The law seems clear that after the deadline for filing, a candidate cannot change his filing to a new office. At that point it becomes nothing more than a late filing and is invalid. We note here that relator moved quickly and timely to protest and contest the matter but through no fault of hers the wheels of bureaucracy and judicial process, and the absence of candidate Jacobsen, caused delay until after the printing of ballots. Now, however, she again moves to correct the matter before the election rather than wait until the election itself would have to be challenged as invalid and void.

This Court is aware of the exigencies of the situation, but under its responsibilities and duties must act to assure orderly election procedures.

Accordingly, this Court orders the district court to forthwith hold a hearing in the contest of the nomination of Jacobsen as a candidate of District #1 and to cite Jacobsen into court for such hearing, and thereafter to order the election officials to correct the ballots to properly reflect the status of the candidates on August 1, 1974. This is not to say that mere technicalities, misspellings, etc., may not be corrected by election officials but that substantive changes of errors cannot be done in the manner indicated by the record herein. Copies of this order together with the supporting papers shall be served by counsel for relator on Judge Sykes, County Clerk and Recorder Taborsky, County Attorney Oleson and on Arnold Jacobsen.

This order, being issued ex parte, but on the basis of the complete record below, shall constitute an order for supervisory control. However, the parties named above for service of this

order, are not foreclosed from petitioning this Court further in the matter, if done without delay.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, CASTLES and DALY concur.

ON MOTION TO QUASH OR AMEND, OR FOR RE-HEARING

PER CURIAM:

Defendants, above-named, appeared by motion to quash, or alternatively to amend or for rehearing as invited in our order of October 7, 1974. We heard counsel ex parte.

It was made to appear that Arnold Jacobsen has not been served because of absence from the state so that a hearing by the district court as ordered heretofore cannot be held forthwith. However, on the hearing this date on the above motions, this Court does not choose to grant relief on the motions, and accordingly the motions are denied.

Our order previously issued shall constitute an order of supervisory control, ordering the district court to order the ballots corrected to properly reflect the status of the candidates as reflected by the register on August 1, 1974.